properly devoted by the trustee to the discharge of his duties are to be considered.   What is reasonable compensation depends largely on the circumstances of each case.

We do not regard it as important or controlling that the master found that the testimony of the witnesses tended to show that the trustee was entitled to $22,500 as compensation for all the services rendered.   The question for the master and for the chancellor was, what was the compensation the trustee was entitled to for the services for which he was entitled to compensation from the trust estate?   The court and master both found that $17,500 was full compensation for such services.   We think that the discretion of the court in so fixing the compensation of the trustee should not be be disturbed, and the decree is affirmed.

*Affirmed.*

John S. Woodruff, Appellant, v. Mary Jordan et al., Appellees.

Gen. No. 17,957.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county;   the Hon. WILLIAM FENIMORE COOPER, Judge, presiding.   Heard in this court at the October term, 1911.   Reversed and remanded with directions. Opinion filed October 13, 1913.

### Statement of the Case.

Bill in equity by John S. Woodruff to foreclose a trust deed in the nature of a mortgage made by Mary Jordan.   From a decree dismissing the bill because of usury, complainant appeals.

DAVID O. DUNBAR, for appellant.

CHAUNCEY M. MILLAR, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. USURY, § 1*—*what constitutes.* On a bill to foreclose a mortgage where the mortgagor contended that the notes secured were given for usury, *held* that the evidence did not show that the mortgagee had any knowledge of the mortgagor's previous transactions with the firm of loan brokers who procured the loan, and that the transaction was not usurious.

2. USURY, § 15*—*when loan broker may charge commissions.* Evidence *held* to show that certain persons were not general agents of a lender of money, but were brokers engaged in loaning money, and that they were entitled to receive a commission from the borrower without rendering the transaction usurious.

---

## Anna Grossmann, Appellee, v. Frank Grossmann, Appellant.

### Gen. No. 17,969. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed October 13, 1913.

## Statement of the Case.

Bill in chancery by Anna Grossmann against Frank Grossmann for separate maintenance. From a decree directing the defendant to pay the complainant five dollars per week for her support, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.